**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISON**

| | | |
|---|---|---|
| JOHNNY GILLESPIE; and DUANE NELSON, | §<br>§<br>§ | CIVIL ACTION NO. 3:18-cv-1656 |
| Plaintiffs, | §<br>§ | |
| v. | §<br>§ | JURY TRIAL DEMANDED |
| UNIVAR USA, INC., | §<br>§ | |
| Defendant. | §<br>§ | |

## ORIGINAL COMPLAINT

Plaintiffs JOHNNY GILLESPIE  ("Gillespie") and DUANE NELSON ("Nelson") (collectively, "Plaintiffs"), by and through their attorneys, bring this action for damages and other legal and equitable relief from UNIVAR USA, INC. ("Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the Civil Rights Act of 1866, as amended, 42 U.S.C. §§ 1981 et seq. ("§ 1981"), for violation of Title 2 of the Texas Labor Code ("TLC"), Tex. Lab. Code §§  21.001 *et seq*., and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1.      This is an action brought by Plaintiffs against Defendant—one of the largest chemical distribution companies in the United States, employing more than five thousand (5,000) people across several states—for implementing and maintaining a discriminatory and retaliatory work environment toward Black Muslims at Defendant's Mesquite, Texas facility.

2.      Both Plaintiffs must maintain facial hair as a result of their religious practice. For almost a decade, both Plaintiffs worked as material handlers, which requires the use of a respirator mask. Both Plaintiffs passed the annual respirator fit test required by the Occupational Safety and Health Administration (OSHA) while wearing facial hair.

3.      In or around 2015, both Plaintiffs began working under a new manager who implemented a new policy that all employees who wore a respirator mask could no longer have facial hair.

4.      Despite passing the respirator fit test, both Plaintiffs were informed that they could no longer be employed as material handlers unless they removed their facial hair. As a result, both Plaintiffs were required to take a demotion to a dock worker position in order to remain employed.

5.      Both Plaintiffs were also subjected to religious and racial slurs throughout their employment, including being told by their manager that he "wanted to see if [he] could convert" Plaintiffs to Catholicism, disparaging remarks about Plaintiffs' dietary restrictions, being asked to work as security guards in order to "watch out for terrorists," and being subjected to a Gorilla brand trash bag being labeled as "Johnny" in reference to Plaintiff Gillespie.

6.      When Plaintiffs complained about the discrimination, they were retaliated against.

7.      In addition, both Plaintiffs were subjected to a workplace that dissuades Black Muslim employees from promotional opportunities.

8.      In remediation for the irreparable harm that Plaintiffs have suffered, Plaintiffs are seeking to recover: (i) back pay; (ii) front pay; (iii) emotional damages; (iv) punitive damages; (v) attorneys' fees and costs; (vi) interest; (vii) injunctive relief;  and (viii) such other and further relief as this Court finds necessary and proper.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C.

**ORIGINAL COMPLAINT**

§ 2201;  (iii) 42 U.S.C. §§ 2000e *et seq.*, as amended;  (iv) and 42 U.S.C. §§ 1981 *et seq.*, as amended.

10.     This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction upon this Court for all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

11.     Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

**PARTIES**

12.     Plaintiff Gillespie is a person who has been aggrieved by Defendant's actions. He is and has been, at all relevant times, a Black Muslim male citizen of the United States of America and is a resident of the State of Texas.

13.     Plaintiff Nelson is a person who has been aggrieved by Defendant's actions. He is and has been, at all relevant times, a Black Muslim male citizen of the United States of America and is a resident of the State of Texas.

14.     Defendant is a publicly traded Delaware corporation with its headquarters in Illinois.

15.     Upon information and belief, Defendant employs more than five thousand (5,000) employees across the United States.

16.     Defendant conducts business within the state of Texas and within this judicial district by owning and operating a facility located at 100 N. Sam Houston Rd, Mesquite, TX 75149 (the "Facility").

**ORIGINAL COMPLAINT**

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

17.    Plaintiffs filed complaints of discrimination and retaliation with the EEOC.

18.    Plaintiff Gillespie requested his Notice of Right to Sue from the EEOC prior to the filing of this Complaint.

19.    Plaintiff Nelson received his Notice of Right to Sue from the EEOC within ninety (90) days prior to the filing of this Complaint.

## STATEMENT OF FACTS

20.    Defendant is a company engaged in the business of distributing chemicals and other related products.

21.    Defendant owns and operates a distribution facility located in Mesquite, Texas, which is used to distribute chemicals and other related products to purchasers throughout the state of Texas.

22.    Plaintiff Gillespie was employed at the Facility from 2009 until in or around January 23, 2017.

23.    Plaintiff Nelson was employed at the Facility from 2007 until in or around August 18, 2016.

24.    Both Plaintiffs are Black and observe the Islamic faith.

25.    As part of their religious observance, both Plaintiffs are required to have facial hair.

26.    Upon information and belief, Plaintiffs were the only two (2) Black Muslim employees at the Facility during their time of employment.

27.    Both Plaintiffs were employed as material handlers during the majority of their employment, which entails repackaging chemicals, loading Defendant's product in the delivery

**ORIGINAL COMPLAINT**

4

trucks, and unloading Defendant's product from the delivery trucks. The position required working with extremely dangerous chemicals and the use of a full hazmat suit.

<b><u>Facts Pertaining to Discrimination and Retaliation</u></b>

28.    Throughout Plaintiffs' employment with Defendant, they were subjected to a hostile work environment on the basis of their race and religion.

29.    In 2016, Plaintiff Gillespie's coworker, Thomas Guiliano ("Mr. Giuliano"), wrote on a "Gorilla Tough Bag," which had a picture of a gorilla on it, "THIS IS JOHNNY" (referring to Plaintiff Gillespie), and displayed it on the dock.

30.    Mr. Gillespie complained about Mr. Giuliano's discriminatory conduct to his supervisors.

31.    Mr. Guiliano then posted a photo of a baby gorilla on his Facebook page and commented underneath it: "THIS IS JOHNNY'S BABY PICTURE."

32.    Again, Plaintiff Gillespie complained to his supervisors about the photograph. Upon information and belief, Mr. Guiliano was sent home from work for one (1) day.

33.    In or around late 2015 / early 2016, Plaintiffs' newly hired White manager, Mark Curry ("Mr. Curry"), stated during a meeting that he was a devout Catholic and wanted to convert Plaintiffs to Catholicism.

34.    Mr. Curry also frequently made remarks about Plaintiffs' religious dietary restrictions, including comments such as: "I would never let religion dictate what I ate" and "you guys [(Plaintiffs)] can't eat with us."

35.    When Plaintiffs requested permission to leave early for Friday prayers, Mr. Curry denied their requests.

<b>ORIGINAL COMPLAINT</b>

36.     In or around early 2016, Mr. Curry then implemented a policy change which stated that all employees who wore a respirator mask could no longer have any facial hair.

37.     As Mr. Curry was aware, Plaintiffs wore facial hair as a religious practice and did not have the option of removing it.

38.     Upon information and belief, OSHA regulations do not include a sweeping policy against facial hair while wearing a respirator.

39.     Both Plaintiffs worked successfully with a respirator and passed the respirator fit test every year.

40.     After the policy change was announced, Plaintiffs complained to both their supervisor and the Human Resources department about the policy change and the impact on their religious beliefs.

41.     Within approximately two (2) weeks after their complaints, Defendant informed Plaintiffs that if they wanted to continue being employed they could no longer be material handlers because that position required the use of a respirator.

42.     Unless they agreed to remove their facial hair, Plaintiffs were notified they would be demoted to dock workers, which does not require the use of a respirator.

43.     No other employees were subject to this change.

44.     Plaintiffs' forced demotion was in violation of their religious protections and in retaliation for their complaints of discrimination.

45.     As a result of being forced into the dock worker positions, Plaintiffs' income was significantly decreased as they were prohibited from working overtime or being on-call.

**ORIGINAL COMPLAINT**

46.    In addition, as part of their new positions as dock workers, both Plaintiffs were asked to act as security guards on the dock to "watch out for terrorists." No other employee was asked to do the same.

47.    After being reassigned to the dock worker position, Plaintiffs' supervisors, Mr. Mike Evans ("Mr. Evans") and Mr. Jeffery Pernal ("Mr. Pernal"), began harassing them by fabricating errors on the job and forcing them to throw heavy bags in an effort to punish and humiliate them.

48.    Plaintiffs complained to multiple Human Resources employees and management about the reassignment and the treatment they were subjected to after it. Defendant, however, took no remedial action.

49.    Plaintiff Nelson's supervisors began falsely writing him up on a regular basis for allegedly taking unauthorized breaks.

50.    Plaintiff Nelson refuted the validity of the write ups.

51.    The supervisors then admitted that some of a write up was fabricated.

52.    Despite admitting this, Plaintiff Nelson's supervisors still issued the write-up and put him on "final notice."

53.    Plaintiff Nelson complained of the false write up to Human Resources, but no remedial action was taken.

54.    On or about August 18, 2016, as a result of being on a falsified final notice, Plaintiff Nelson was terminated for arriving late to work after being stuck in traffic despite notifying Defendant about the delay.

55.    After witnessing Plaintiff Nelson's wrongful termination, Plaintiff Gillespie continued to be subjected to harassment and was constructively discharged in January 2017.

**ORIGINAL COMPLAINT**

**Facts Pertaining to Defendant's Discriminatory Promotion Policies**

56.    In addition to the religious discrimination, Plaintiffs were also denied promotional opportunities on the basis of their race and religion in favor of less qualified non-Islamic White and Hispanic employees.

57.    For example, both Plaintiffs were asked to train non-Islamic White or Hispanic employees who were then promoted ahead of them. In particular, Plaintiff Nelson trained Reese Nicholson, a White, non-Islamic employee, who was then promoted to Plaintiff Nelson's lead.

58.    Upon information and belief, less qualified non-Islamic employees were promoted at a significantly higher rate than Islamic Black employees.

59.    While Defendant maintained a policy of posting available promotional opportunities, this policy was not consistently followed at the Facility.

60.    After Plaintiffs complained to Human Resources about the Company's failure to post job opportunities at the Facility, several job opportunities were posted.

61.    However, the supervisors continued to simply handpick employees for the positions.

62.    Plaintiff Nelson again complained to Human Resources about the disparate promotional practices. However, no corrective action was taken.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*
(Race Discrimination)**

63.    Plaintiffs are a members of a protected class and repeat and re-allege the allegations in the preceding paragraphs, as if fully set forth herein.

**ORIGINAL COMPLAINT**

64.    The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*., as Defendant has engaged in the practice of racial and/or color discrimination against Plaintiffs.

65.    Defendant intentionally discriminated against Plaintiffs in violation of Title VII of the Civil Rights Act of 1964 by unlawfully subjecting them to adverse employment actions on the basis of their race and/or color.

66.    Plaintiffs' requests for relief are set forth below.

**AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF**
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*.**
**(Religious Discrimination)**

67.    Plaintiffs are a members of a protected class and repeat and re-allege the allegations in the preceding paragraphs, as if fully set forth herein.

68.    The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*., as Defendant has engaged in the practice of religious discrimination against Plaintiffs.

69.    Defendant intentionally discriminated against Plaintiffs in violation of Title VII of the Civil Rights Act of 1964 by unlawfully subjecting them to adverse employment actions on the basis of their religion.

70.    Plaintiffs' requests for relief are set forth below.

**AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF**
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*.**
**(Retaliation)**

71.    Plaintiffs repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

**ORIGINAL COMPLAINT**

72.     Plaintiffs lodged complaints with Defendant regarding the discrimination and/or the hostile work environment to which they were subjected, and as such, engaged in protected activity under Title VII.

73.     Defendant retaliated against Plaintiffs by demoting them, which resulted in a significant pay reduction.

74.     The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*

75.     Plaintiffs' requests for relief are set forth below.

**AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF**
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.***
**(Hostile Work Environment on Account of Race)**

76.     Plaintiff Gillespie is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

77.     The conduct alleged herein violates Title VII as Defendant has engaged in racial harassment and has created, maintained, and condoned a hostile work environment toward Plaintiff.

78.     The conduct Plaintiff complained of was sufficiently severe or pervasive to alter the terms and conditions of his employment by creating an abusive working environment.

79.     Defendant knew about the conduct and failed to implement reasonably prompt and appropriate corrective action.

80.     Plaintiff's requests for relief are set forth below.

**AS AND FOR A FIFTH CAUSE OF ACTION FOR A VIOLATION OF**
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.***
**(Hostile Work Environment on Account of Religion)**

81.     Plaintiffs are members of a protected class and repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

**ORIGINAL COMPLAINT**

82.     The conduct alleged herein violates Title VII as Defendant has engaged in religious harassment and has created, maintained, and condoned a hostile work environment toward Plaintiffs.

83.     The conduct Plaintiffs complained of was sufficiently severe or pervasive to alter the terms and conditions of their employment by creating an abusive working environment.

84.     Defendant knew about the conduct and failed to implement reasonably prompt and appropriate corrective action.

85.     Plaintiffs' requests for relief are set forth below.

### AS AND FOR A SIXTH CAUSE OF ACTION FOR A VIOLATION OF
**The Civil Rights Act of 1866, as amended, 42 U.S.C. §§ 1981 *et seq.***
**(Racial Discrimination)**

86.     Plaintiffs are members of a protected class and repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

87.     The conduct alleged herein violates § 1981 as Defendant has engaged in the practice of race and/or color discrimination against Plaintiffs.

88.     Defendant intentionally discriminated against Plaintiffs in violation of § 1981 by unlawfully subjecting them to adverse employment actions on the basis of their race and/or color.

89.     Plaintiffs' requests for relief are set forth below.

### AS AND FOR A SEVENTH CAUSE OF ACTION FOR A VIOLATION OF
**The Civil Rights Act of 1866, as amended, 42 U.S.C. §§ 1981 *et seq.***
**(Hostile Work Environment)**

90.     Plaintiff Gillespie is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

91.     The conduct alleged herein violates § 1981 as Defendant has engaged in racial harassment and has created, maintained, and condoned a hostile work environment toward Plaintiff.

**ORIGINAL COMPLAINT**

92.    The conduct Plaintiff complained of was sufficiently severe or pervasive to alter the terms and conditions of his employment by creating an abusive working environment.

93.    Defendant knew about the conduct and failed to implement reasonably prompt and appropriate corrective action.

94.    Plaintiff's requests for relief are set forth below.

## AS AND FOR AN EIGHTH CAUSE OF ACTION FOR A VIOLATION OF
### The Civil Rights Act of 1866, as amended, 42 U.S.C. §§ 1981 *et seq.*
### (Retaliation)

95.    Plaintiffs repeat and re-allege the allegations contained in the paragraphs above as is fully set forth herein.

96.    Plaintiffs lodged complaints with Defendant regarding discrimination to which they were subjected, and as such engaged in protected activity under § 1981.

97.    Defendant retaliated against Plaintiffs because they engaged in protected activity.

98.    Plaintiffs' requests for relief are set forth below.

## AS AND FOR AN NINTH CAUSE OF ACTION FOR A VIOLATION OF
### Title 2 of the Texas Labor Code, Tex. Lab. Code §§ 21.001 *et seq.*
### (Race Discrimination)

99.    Plaintiffs are members of a protected class and repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

100.    Plaintiffs were subjected to discrimination on the basis of religion, race and/or color by Defendant.

101.    Defendant intentionally discriminated against Plaintiffs in violation of Title 2 of the Texas Labor Code by unlawfully subjecting them to adverse employment actions on the basis of their race and/or color.

102.    Plaintiffs' requests for relief are set forth below.

**ORIGINAL COMPLAINT**

### AS AND FOR AN TENTH CAUSE OF ACTION FOR A VIOLATION OF
### Title 2 of the Texas Labor Code, Tex. Lab. Code §§ 21.001 *et seq.*
### (Religious Discrimination)

103.    Plaintiffs are members of a protected class and repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

104.    Plaintiffs were subjected to discrimination on the basis of religion by Defendant.

105.    Defendant intentionally discriminated against Plaintiffs in violation of Title 2 of the Texas Labor Code by unlawfully subjecting them to adverse employment actions on the basis of their religion.

106.    Plaintiffs' requests for relief are set forth below.

### AS AND FOR A ELEVENTH CAUSE OF ACTION FOR A VIOLATION OF
### Title 2 of the Texas Labor Code, Tex. Lab. Code §§ 21.001 *et seq.*
### (Hostile Work Environment on Account of Race)

107.    Plaintiff Gillespie is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

108.    Plaintiff was subjected to a hostile work environment on the basis of race and/or color by Defendant.

109.    The conduct alleged herein violates the TLC as Defendant has engaged in racial harassment and has created, maintained, and condoned a hostile work environment towards Plaintiff.

110.    The conduct Plaintiff complained of was sufficiently severe or pervasive to alter the terms and conditions of his employment by creating an abusive working environment.

111.    Plaintiff's requests for relief are set forth below.

**ORIGINAL COMPLAINT**

13

## AS AND FOR A TWELFTH CAUSE OF ACTION FOR A VIOLATION OF
### Title 2 of the Texas Labor Code, Tex. Lab. Code §§ 21.001 *et seq*.
### (Hostile Work Environment on Account of Religion)

112.    Plaintiffs are members of a protected class and repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

113.    Plaintiffs were subjected to a hostile work environment on the basis of religion by Defendant.

114.    The conduct alleged herein violates the TLC as Defendant has engaged religious harassment and has created, maintained, and condoned a hostile work environment towards Plaintiffs.

115.    The conduct Plaintiffs complained of was sufficiently severe or pervasive to alter the terms and conditions of their employment by creating an abusive working environment.

116.    Plaintiffs' requests for relief are set forth below.

## AS AND FOR AN THIRTEENTH CAUSE OF ACTION FOR A VIOLATION OF
### Title 2 of the Texas Labor Code, Tex. Lab. Code §§ 21.001 *et seq*.
### (Retaliation)

117.    Plaintiffs repeat and re-allege the allegations contained in the paragraphs above as is fully set forth herein.

118.    Plaintiffs lodged complaints with Defendant regarding discrimination to which they were subjected, and as such engaged in protected activity under the TLC.

119.    Defendant retaliated against Plaintiffs because they engaged in protected activity.

120.    Plaintiffs' requests for relief are set forth below.

**ORIGINAL COMPLAINT**

14

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for the following relief:

- That the practices of Defendant complained of herein be determined and adjudged to be in violation of the rights of Plaintiffs under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*; the Civil Rights Act of 1866, as amended, 42 U.S.C. §§ 1981 *et seq.*; and Title 2 of the Texas Labor Code, Tex. Lab. Code §§ 21.001 *et seq.*

- All damages which Plaintiffs have sustained as a result of Defendant's conduct, including back pay, punitive damages, general and special damages for lost compensation and job benefits they would have received but for Defendant's unlawful conduct, and for emotional distress, humiliation, embarrassment, and anguish;

- An award to Plaintiffs of pre-judgment interest at the highest level rate, from and after the date of service of the initial complaint in this action on all owed wages from the date such wages were earned and due;

- An award to representing Defendant's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

- An award to Plaintiffs for the amount of owed wages, including interest thereon, and penalties subject to proof;

- Awarding Plaintiffs  their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

- Pre-judgment and post-judgment interest, as provided by law; and

**ORIGINAL COMPLAINT**

- That the Court retain jurisdiction over Defendant until such time as it is satisfied that it has remedied the practices complained of and is determined to be in full compliance with the law;

Plaintiffs seek injunctive relief, and including but not limited to:

- Training on the subject of employment discrimination for all of Defendant's employees;

- Diversity training for all managers conducted by reputable outside vendors;

- Supervisory discipline up to and including termination for any supervisor who engages in unlawful discrimination;

- Active monitoring of the work areas to ensure compliance with discrimination policies;

- Monitoring by the Court of a Federal Agency to ensure that Defendant complies with all injunctive relief; and

Plaintiffs further demand that they be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

**ORIGINAL COMPLAINT**

Respectfully submitted,

_____
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
Ellwanger Law LLLP
400 South Zang Blvd.
Suite 1015
Dallas, Texas 75208
Tel.: (737) 808-2260


James A. Vagnini
(*pro hac vice* admission to be filed)
Monica Hincken
(*pro hac vice* admission to be filed)
Valli Kane & Vagnini, LLP
600 Old Country Road, Suite 519
Garden City, New York 11530
jvagnini@vkvlawyers.com
mhincken@vkvlawyers.com
Telephone: (516) 203-7180


*Counsel for Plaintiffs*

**ORIGINAL COMPLAINT**

17